IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
                                   :
DELISSALYNN SMOCK, individually    :
and for others similarly
situated                           :

     v.                            :   Civil Action No. DKC 23-1154

                                   :

MERIDIAN SENIOR LIVING, LLC
                                   :
```

**MEMORANDUM OPINION AND ORDER**

On October 4, 2024, Plaintiff Delissalynn Smock and Defendant Meridian Senior Living, LLC, filed a joint motion for approval of settlement and dismissal with prejudice. (ECF No. 36).

The parties request that the court approve the settlement, implement its terms, facilitate notice to the putative class members of their rights to opt-in to the settlement, and dismiss the action with prejudice, all at the same time. The procedure suggested by the parties raises significant issues, at least two of which were previously discussed in *Leigh v. Bottling Group, LLC*, No. 10-cv-0218-DKC, 2011 WL 1231161 (D.Md. Mar. 29, 2011): (1) the case is rendered moot once the named plaintiff(s) settles, and (2) the named plaintiff(s) has no authority to settle claims for putative plaintiffs who do not yet have notice of their opt-in rights. *See also Sharnee Smith v. Sodexo, Inc.*, No. 22-cv-00984-PX, 2024 WL 446258 (D.Md. Feb. 6, 2024) (Simms, Mag. J.). If counsel has reasoned authority supporting the appropriateness

of settlement on a class-wide basis prior to certification of the case as a collective action and prior to any notice of the suit or their ability to opt-in being provided to putative class members, they should promptly provide it to the court.

If the parties persist in seeking approval of a settlement as in—or similar to—the current proposal, many additional issues will need clarification and/or revision.

First, the parties need to provide an estimate of the range of recovery for qualified claimants. Because the settlement provides for "one (1) point to be assigned for each minute of uncompensated meal break time that lasted 29 minutes or less between May 1, 2020[,] and the present," based on Meridian's records, Meridian should be able to provide the court with an estimated total denominator to assist in determining the reasonableness of the proposed settlement agreement. Currently, it is unclear how much a putative class member stands to receive under the terms of the settlement and critically, how large the potential putative class even is. Without this information, the court cannot determine the reasonableness of the proposed settlement.

Second, the court cannot appropriately evaluate the reasonableness of the proposed attorney's fee award at this time. As previously discussed by this court, "without knowing the size of the collective class—or whether there will even be a class—any

request for approval at this juncture is premature." *Leigh*, 2011
WL 1231161, at *5.

Third, the proposed settlement agreement purports to release
the "Releasees," broadly defined as "Meridian and its parents,
subsidiaries, affiliates, predecessors, successors and assigns,
and each of their respective past and present officers, directors,
agents, representatives, attorneys, insurers, and employees,"
from claims for relief for "any and all wage-and-hour claims under
any federal, state, or local law that accrued any time from May 1,
2020 through the date on which the Qualified Clamant signs the
Claim Form." (ECF No. 36-2, at 22). Further, Ms. Smock releases
the Releasees from "any and all claims, causes of action or demands
of any kind whatsoever, whether known or unknown[.]" (*Id.*). The
propriety of these general releases is questionable and the parties
may need to narrow the scope of the releases or eliminate them.
*See Oates v. Kinder Morgan Energy Partners, LP*, No. CIV-19-1171-
SLP, 2022 WL 18673322, at *3 (W.D. Okla. Jan. 18, 2022).

Finally, the proposed settlement agreement contains a
confidentiality provision; however, confidentiality provisions
have been found to contravene the purpose of the FLSA. *See Oates*,
2022 WL 18673322, at *4 (collecting cases).

Accordingly, it is this 14th day of November, 2024, by the United States District Court for the District of Maryland, ORDERED that:

1.    If the parties persist in seeking approval of the current settlement agreement, they must file a supplemental memorandum distinguishing *Leigh*, explaining why the suggested settlement procedure is appropriate, and providing the court with cases supporting the suggested settlement procedure;

2.    If the parties present to the court a proposed settlement agreement in the current, or similar form, they must address the other issues discussed above; and

3.    Any supplemental memorandum must be filed within 21 days.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge