```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

DELISSALYNN SMOCK, individually :
and for others similarly
situated                        :

     v.                         :    Civil Action No. DKC 23-1154

                                :
MERIDIAN SENIOR LIVING, LLC
                                :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Fair Labor Standards Act ("FLSA") case is the joint motion for approval of settlement and dismissal with prejudice filed by Plaintiff Delissalynn Smock ("Ms. Smock") and Defendant Meridian Senior Living, LLC ("Meridian") (collectively the "Parties"). (ECF No. 36). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the joint motion for approval of settlement and dismissal with prejudice will be denied.

**I.   Background**

    **A. Factual Background**

As alleged in the complaint, Ms. Smock was employed by Meridian as a Resident Assistant and Care Partner from approximately March 2020 until March 2022. (ECF No. 1, ¶ 14). As a non-exempt employee, Ms. Smock was paid on an hourly basis. (*Id.* at ¶ 15).

According to the proposed Settlement Agreement, Meridian provided evidence that its policy and practice is for employees to clock out for, and clock back in from, meal breaks. (ECF No. 36-1, at 3). Ms. Smock claims that during her employment, Meridian automatically deducted forty-five (45) minutes from the recorded work time for her and similarly situated employees. (ECF No. 1, ¶¶ 16-17). Ms. Smock further claims that Meridian required employees to remain on-duty and perform work during their unpaid meal breaks without providing additional compensation. (*Id.* at 19-22).

### B. Procedural Background

On May 11, 2023, Ms. Smock filed a complaint alleging that Meridian violated the FLSA, 29 U.S.C. § 201, *et seq.*; the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"); and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA"), by depriving Ms. Smock and similarly situated individuals employed by Meridian ("Putative Collective Members")[1] (collectively, "Plaintiffs") of wages, including overtime pay, for all hours worked. (ECF No. 1).[2] On July 5, 2023, Meridian filed

---

[1] The Parties' joint motion calls the similarly situated individuals "putative class members" (ECF No. 36-1, at 1) and "putative collective members" (ECF No. 36-1, at 1). "Collective" is the appropriate term because individuals must opt-in to the settlement.

[2] No motion for class or collective certification has been filed. However, seven individuals have filed consents to join

2

a timely answer denying that it violated the FLSA, IMWL, or the IWPCA. (ECF No. 15).

On September 11, 2023, the Parties filed a joint motion to stay litigation while they engaged in settlement negotiations. (ECF No. 18). The Parties began exchanging informal discovery to assist in their settlement negotiations, and on December 15, 2023, they filed another joint motion to stay litigation. (ECF No. 21). From February 29, 2024, to August 6, 2024, the Parties filed five more joint motions to stay litigation until a settlement agreement (the "Agreement") was reached. On October 4, 2024, the Parties filed the pending joint motion for settlement approval. (ECF No. 36). On November 14, 2024, this court issued a memorandum opinion and order explaining several issues presented by the Agreement and providing the Parties 21 days to file a supplemental memorandum addressing the issues present in the current Agreement. (ECF No. 37). The Parties did not file a supplemental memorandum.

### C. Settlement Agreement

The Parties' joint motion and proposed order request that the court:

> (1) approve the terms of this Agreement; (2) approve notices to be sent to the Putative Class Members, as provided for in this Agreement; (3) approve the payments to the Qualified Claimants, as provided for in this

---

this lawsuit: Andrea Sorenson, Savannah Clary, Hannah Hemrich, Frances Jones, Danielle Northrop, Louis Qualls, and Hailey Stamps. (ECF No. 36-1, at 3).

> Agreement; (4) approve the payments of Attorneys' Fees and Litigation Costs to Plaintiffs' Counsel, as provided for in this Agreement; (5) approve the payment of a Service Award to Named Plaintiff, as provided for in this Agreement; (6) approve Named Plaintiff's, Opt-In Plaintiffs', and Qualified Claimants' releases of claims in exchange for the consideration provided by Meridian; and (7) dismiss with prejudice the Lawsuit and all claims asserted in the Lawsuit.

(ECF No. 36-2, at 5-6). The Agreement further states that — pending court approval — Meridian will pay a maximum of $200,000,[3] which will be allocated as follows: $80,000.00 for Plaintiffs' counsel as attorneys' fees and costs; $802.00 for litigation costs; $3,000.00 for a service award to Plaintiff Smock; settlement administration costs to Simpluris, Inc.,[4] of up to $13,000.00; and the remainder of approximately $103,198.00 to be distributed amongst the Putative Collective Members. (ECF No. 36-2, 12-16). In exchange for payment of the Settlement Amount, the Agreement also provides that the Putative Collective Members agree to dismiss this "[l]awsuit and all claims filed therein" and release the "claims effected via this Agreement and via the release forms to

---

[3] The Agreement provides that "[a]ll undistributed, unclaimed, and/or unpaid amounts from the Gross Settlement Amount, after completion of the settlement process . . . shall be retained by [Defendant]."

[4] The Agreement appoints Simpluris, Inc., to serve as the Settlement Administrator. (ECF No. 36-1, at 7).

4

be executed by Putative [Collective] Members." (ECF No. 36-2, at 11).

## II. Standard of Review

In recognition of the unequal bargaining power between employers and employees, the FLSA is not subject to waiver or modification by contract or settlement, with certain narrow exceptions. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945). One such exception is that a district court can approve a settlement between an employer and an employee who has brought a private action under § 216(b) if the settlement reflects a "reasonable compromise of disputed issues" instead of "a mere waiver of statutory rights brought about by an employer's overreaching." *See Duprey v. Scotts Co. LLC*, 30 F.Supp.3d 404, 407 (D.Md. 2014); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

The United States Court of Appeals for the Fourth Circuit has not expressed an opinion on the factors to be considered in approving FLSA settlements,[5] but district courts in this circuit have generally applied the factors set out by the Eleventh Circuit in *Lynn's Food Stores*. *See, e.g., Duprey*, 30 F.Supp.3d at 408;

---

[5] The Fourth Circuit has also not determined, as other circuits have, that all FLSA settlements *require* court approval, *see Duprey*, 30 F.Supp.3d at 407 n.2, but because the parties have requested court approval in this case, that question can be resolved another day.

*Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-cv-1310, 2009 WL 3094955, at *8-16 (E.D.Va. Sept. 28, 2009); *Saman v. LBDP, Inc.*, No. 12-1083-DKC, 2013 WL 2949047, at *3 (D.Md. June 13, 2013). Under that framework, courts first consider whether there is a *bona fide* dispute as to a defendant's liability under the FLSA. *Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *Duprey*, 30 F.Supp.3d at 408. Next, courts consider whether the settlement is a fair and reasonable compromise of that dispute, which requires a weighing of factors such as:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of . . . counsel[;] and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo*, 2009 WL 3094955, at *10); *see also Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *Duprey*, 30 F.Supp.3d at 408. Finally, if attorneys' fees are included in the agreement, courts must separately assess their reasonableness. *Duprey*, 30 F.Supp.3d at 408; *Saman*, 2013 WL 2949047, at *3.

6

**III. Analysis**

    **A. *Bona Fide* Dispute**

The Parties' representations in the pleadings and the present motion for approval of the settlement agreement establish that *bona fide* disputes exist as to: (1) Meridian's liability, if any, for the interrupted meal break claim; (2) Meridian's liability, if any, for uncompensated meal breaks of less than thirty minutes; (3) whether an FLSA collective would be certified for any of the claims; (4) whether a class would be certified under Fed.R.Civ.P. 23; (5) the likelihood of Ms. Smock or other Putative Collective Members recovering damages for a three-year period as opposed to a two-year period under the FLSA; and (6) any likelihood of Putative Collective Members recovering liquidated damages if they are able to establish liability. *See Saman*, 2013 WL 2949047, at *3 (examining the complaint, answer, and the parties' recitals in the proposed settlement to conclude that a *bona fide* dispute existed). Meridian has maintained since filing its answer that it does not "auto-deduct" meal break time from paid hours of work and that it paid all Putative Collective Members correctly for all hours worked. Meridian also denies this case is appropriate for class or collective treatment for any purpose other than settlement. Although the Parties have not provided much detail to support their positions at this stage, the genuineness of their dispute is evident. *See id.* at *4.

7

**B. Fair and Reasonable Compromise**

Upon review of the Parties' submissions and after considering the relevant factors, the court is unable to determine whether the Agreement is a fair and reasonable compromise of the Parties' *bona fide* dispute.

The Parties agreed to settle at an early stage in the proceedings and before conducting any formal discovery, Plaintiffs' counsel avers that the Parties exchanged damages calculations and other information about Plaintiffs' claims and Meridian's defenses. (ECF No. 36-3, at 11). The Parties represent that considering the risks, time, and cost associated with litigation, they wish to forego protracted discovery, collective/class certification briefings, motions practice, and a possible trial. (ECF No. 36-1, at 5; 15). Thus, the Parties have had sufficient opportunity to "obtain and review evidence, to evaluate their claims and defenses[,] and to engage in informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to the trial of this case." *Lomascolo,* 2009 WL 3094955, at *11.

However, the Parties' proposed Agreement presents several concerns which bring into question the reasonableness of the Agreement.

**1. Procedural Concerns**

As explained in the court's November 14, 2024, memorandum opinion and order, the procedure the Parties intend to use to facilitate the settlement is troubling.

> The parties request that the court approve the settlement, implement its terms, facilitate notice to the putative class members of their rights to opt-in to the settlement, and dismiss the action with prejudice, all at the same time. The procedure suggested by the parties raises significant issues, at least two of which were previously discussed in *Leigh v. Bottling Group, LLC*, No. 10-cv-0218-DKC, 2011 WL 1231161 (D.Md. Mar. 29, 2011): (1) the case is rendered moot once the named plaintiff(s) settles, and (2) the named plaintiff(s) has no authority to settle claims for putative plaintiffs who do not yet have notice of their opt-in rights. *See also Sharnee Smith v. Sodexo, Inc.*, No. 22-cv00984-PX, 2024 WL 446258 (D.Md. Feb. 6, 2024) (Simms, Mag. J.).

(ECF No. 37, at 1). The Agreement seeks to settle claims on a class-wide basis before certification of the case as a collective action. More troubling is that the Parties' proposed settlement would occur prior to Putative Class Members having any knowledge of the suit or of their ability to opt-in.

In *Leigh*, this court declined a proposed FLSA settlement in which the parties sought to settle in the same manner proposed here. *See Leigh*, 2011 WL 1231161, at *4. The court instead gave the parties the opportunity to "amend and refile their motion and supporting documents, requesting conditional certification of the

collective class and facilitation of notice of the proposed settlement to putative class members." *Id.* at *4. Similarly, the Parties here will have the opportunity to amend and refile their motion if they wish to proceed with settlement.

### 2. Settlement and Proposed Notice

Additionally, several portions of the current Agreement present significant concerns.

First, the Parties have not provided the court with any estimate of the range of recovery amongst the qualified claimants. The Agreement provides for "one (1) point" to be assigned "for each minute of uncompensated meal break time . . . of meal breaks that lasted 29 minutes or less between May 1, 2020[,] and the present," based on Meridian's records. (ECF No. 36-2, at 15). As noted in this court's prior opinion and order, this means Meridian should already have records with which an estimate of the denominator could be provided to help the court determine the reasonableness of the proposed settlement agreement. The Parties have not supplemented their proposed agreement despite being given the opportunity. If the Parties choose to proceed, any further requests for approval of the Agreement should provide this information.

Second, the release in the proposed Agreement is too broad.

> [T]he proposed settlement agreement purports to release the "Releasees," broadly defined as "Meridian and its parents, subsidiaries,

10

> affiliates, predecessors, successors and assigns, and each of their respective past and present officers, directors, agents, representatives, attorneys, insurers, and employees," from claims for relief for "any and all wage-and-hour claims under any federal, state, or local law that accrued any time from May 1, 2020 through the date on which the Qualified Clamant signs the Claim Form." (ECF No. 36-2, at 22). Further, Ms. Smock releases the Releasees from "any and all claims, causes of action or demands of any kind whatsoever, whether known or unknown[.]" (*Id.*). The propriety of these general releases is questionable and the parties may need to narrow the scope of the releases or eliminate them. *See Oates v. Kinder Morgan Energy Partners, LP*, No. CIV-19-1171- SLP, 2022 WL 18673322, at *3 (W.D.Okla. Jan. 18, 2022).

(ECF No. 37, at 3).

Third, the Parties have included a confidentiality provision in the Agreement which reads in relevant part:

> The Settling Parties agree to keep confidential the monetary amount of the Service Award to Named Plaintiff. However, Named Plaintiff may disclose the monetary amount of her Service Award to her immediate family members, but she shall instruct such individuals that they are also bound by the non-publication provisions herein. Meridian may disclose the monetary amount of Named Plaintiff's Service Award to individuals who have a need to know that information to effectuate the terms of this Agreement.

(ECF No. 36-2, at 24). Confidentiality provisions have been found to contravene the purpose of the FLSA. *See Oates v. Kinder Morgan Energy Partners, L.P.*, No. CIV-19-1171- SLP, 2022 WL 18673322, at *4 (W.D.Okla. Jan. 18, 2022) (collecting cases). Should the

Parties choose to proceed with settlement, they should address the propriety of this provision in the Agreement.

### C. Reasonableness of Attorneys' Fees and Costs

Finally, the Agreement's provisions regarding attorneys' fees and costs must be assessed for reasonableness. *Lane v. Ko-Me, LLC*, No. 10-cv-2261-DKC, 2011 WL 3880427, at *2. Plaintiffs' counsel seeks attorneys' fees in the amount of $80,000.00 and reimbursement for litigation expenses in the amount of $802.00.

The court must assess the reasonableness of attorneys' fees and costs awarded in connection with the settlement. *Lane v. Ko-Me, LLC*, No. 10-cv-2261-DKC, 2011 WL 3880427, at *2 (D.Md. Aug. 31, 2011). Until the court's concerns are addressed, the court cannot appropriately evaluate the reasonableness of the proposed attorneys' fee and costs.

### IV. Conclusion

For the foregoing reasons, the Parties' joint motion for approval of settlement and dismissal with prejudice will be denied. A separate order will follow.

                                          /s/
                              DEBORAH K. CHASANOW
                              United States District Judge