**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **DELISSALYNN SMOCK, et al.,** | * | |
| *Plaintiff*, | * | |
| v. | * | **Civil Action No. 8:23-CV-01154-DKC** |
| **MERIDIAN SENIOR LIVING, LLC,** | * | |
| *Defendant*. | * | |

<u>**JOINT RESPONSE TO ORDER DIRECTING THE PARTIES TO SUPPLEMENT**
**STIPULATION OF DISMISSAL WITHOUT PREJUDICE (ECF 41)**</u>

Plaintiff Delissalynn Smock ("Plaintiff") and Defendant Meridian Senior Living, LLC ("Defendant"), by and through undersigned counsel, file this Response to the Court's December 17, 2024 Order.

On October 2, 2024, the Parties reached an agreement in principle to resolve the claims at issue in this lawsuit. *See* ECF 36-2. The Parties' settlement, however, was expressly contingent upon Court approval. *Id.* at 4. Therefore, the Parties sought this Court's approval of the conditional settlement through their October 4, 2024, Joint Motion for Settlement Approval ("Joint Motion"). *See* ECF 36. The Court denied the Joint Motion and did not approve the settlement. *See* ECF 38 & 39. As a result of the Court's denial of the Joint Motion, there was and is no binding settlement between the Parties.

Following the denial of the Joint Motion, the Parties conferred.  The Parties do not have a binding or effective settlement agreement.  Plaintiff has decided to dismiss the lawsuit without prejudice, and Defendant consented to that. The Opt-In Plaintiffs likewise concur in the dismissal without prejudice.  On December 13, 2024, the Parties filed a self-executing stipulation of dismissal

of the lawsuit without prejudice pursuant to Federal Rule 41(a)(1). *See* ECF 40. The dismissal without prejudice is not the result of a settlement.

This Court specifically has held that self-executing dismissals without prejudice of claims under the Fair Labor Standards Act ("FLSA") do not require court approval. *See Burciaga v. Red Robin International, Inc.*, 1:21-cv-01772-JKB (July 17, 2023) (Bredar, C.J.) (citing *Davis v. BT Americas Inc.*, Civ. No. 16-0206, 2017 WL 11507143, at *1 (E.D. Va. Apr. 13, 2017); *Martin v. Harrah's NC Casino Co., LLC*, Civ. No. 19-00185-MR, 2021 WL 966029, at *1 (W.D.N.C. Mar. 15, 2021).

Following the filing of a self-executing stipulation of dismissal without prejudice, the Court no longer has jurisdiction over the lawsuit. Rule 41(a)(1)(A) provides two ways for a plaintiff to voluntarily dismiss an action without a court order. First, a plaintiff may file "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" FED. R. CIV. P. 41(a)(1)(A)(i). Second, a plaintiff may file "a stipulation of dismissal signed by all the parties who have appeared." FED. R. CIV. P. 41(a)(1)(A)(ii). Here, the Parties utilized the second option, pursuant to Rule 41(a)(1)(A)(ii), by filing a stipulation of dismissal signed by all parties.

The Court of Appeals for the Fourth Circuit, and district courts within this Circuit, expressly have held that district courts lack continuing jurisdiction over a lawsuit when parties have voluntarily dismissed the action pursuant to Rule 41(a)(1)(A)(i). *See, e.g., Jones, Blechman, Woltz & Kelly, PC v. Babakaeva*, 375 F. App'x 349, 350 (4th Cir. 2010) (finding that, after a party voluntarily dismissed the action pursuant to Rule 41(a)(1)(A)(i), the action was terminated and the district court was divested of jurisdiction) (citations omitted)); *In re Matthews*, 395 F.3d 477, 480 (4th Cir. 2005) ("[A]fter an action is voluntarily dismissed [pursuant to Rule 41(a)(1)(A)(i)], the

court lacks authority to conduct further proceedings on the merits." (citations omitted)); *Marex Titanic, Inc. v. Wrecked and Abandoned Vessel*, 2 F.3d 544, 547-48 (4th Cir. 1993) (finding that a district court had no discretion to allow a party to intervene in an action that was voluntarily dismissed by the plaintiff pursuant to Rule 41(a)(1)(A)(i)); *Stritzinger v. Stratton*, No. 3:15-3211-TLW-PJG, 2016 WL 8650133, at *1 (D.S.C. May 9, 2016) (holding that the court did not have jurisdiction to reopen a case after the plaintiff voluntarily dismissed the action pursuant to Rule 41(a)(1)(A)(i), as "[t]he effect of a voluntary dismissal without a court order under Rule 41(a)(1) is that the district court is thereafter deprived of jurisdiction").

While the Fourth Circuit has not squarely addressed this issue regarding Rule 41(a)(1)(A)(ii), district courts within this Circuit and the vast majority of other circuits have utilized the same reasoning to find that district courts lack jurisdiction to conduct further proceedings after a voluntary dismissal pursuant to subsection (ii).  Because both subsection (i) and (ii) of Rule 41(a)(1)(A) deal with voluntary dismissals without court orders, the analysis regarding a lack of jurisdiction under subsection (i) is persuasive for subsection (ii). *See Emory v. Lowe's Home Centers, LLC*, No. 7:20-cv-629-BHH-KFM, 2021 WL 5361834, at *1 (D.S.C. Jan. 21, 2021), *adopted*, 2021 WL 4859942 (D.S.C. Oct. 19, 2021); *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1078 (8th Cir. 2017) ("By its terms, Rule 41(a)(1)(A)(ii) does not 'empower a district court to attach conditions to the parties' stipulation of dismissal.'" (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)); *see also State Nat'l Ins. Co. v. Cnty. of Camden*, 824 F.3d 399, 406-07 (3d Cir. 2017) ("Every court to have considered the nature of a voluntary dismissal under Rule 41(a)(1)(A)(ii) has come to the conclusion that it is immediately self-executing. No separate entry or order is required to effectuate the dismissal."); *Exact Software N. Am., Inc. v.*

*DeMoisey*, 708 F.3d 535, 540 (6th Cir. 2013) ("Rule 41(a)(1)(A)(ii) orders, generally speaking, are 'self-executing' and do 'not require judicial approval.'" (quoting *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997)); *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012) (finding that a stipulation filed pursuant Rule 41(a)(1)(A)(ii) is "self-executing and dismisses the case upon its becoming effective" and that "[d]istrict courts need not and may not take action after the stipulation becomes effective because the stipulation dismisses the case and divests the district court of jurisdiction."); *De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011) ("A stipulation of dismissal filed under Rule 41(a)(1)(A)(i) or (ii) is self-executing and immediately strips the district court of jurisdiction over the merits."); *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 463 (5th Cir. 2010) ("[A] voluntarily stipulation of dismissal under Rule 41(a)(1)(A)(ii) is effective immediately, [and] any action by the district court after the filing of such a stipulation can have no force or effect because the matter has already been dismissed by the parties themselves without any court action."); *Garber v. Chicago Mercantile Exch.*, 570 F.3d 1361, 1365 (Fed. Cir. 2009) ("Rule 41(a) contemplates the voluntary dismissal of actions, and subpart (1) enumerates the two situations in which a plaintiff can dismiss the case without action from the court."); *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165 (3d Cir. 2008) ("[A] filing under [Rule 41(a)(1)(A)(ii)] is a notice, not a motion. Its effect is automatic: … no order of the district court is needed to end the action."); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 139 (2d Cir. 2004) ("Generally, ... a plaintiff's filing in the district court of a stipulation of dismissal signed by all parties pursuant to Rule 41(a)(1)(A)(ii) divests the court of its jurisdiction over a case...."); *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984) ("Caselaw concerning stipulated

dismissals under Rule 41(a)(1)[(A)](ii) is clear that entry of such a stipulation of dismissal is effective automatically and does not require judicial approval.").

As a result, the Court lacks jurisdiction over the case following the Parties' filing of a self-executing stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii).

Respectfully and jointly submitted on January 2, 2025.

| | |
|---|---|
| /s/ William M. Hogg* | /s/ Yedidyah Charner |
| Taylor A. Jones (Bar No. 20049) | Yedidyah Charner (Bar No. 20968) |
| Michael A. Josephson (*Pro Hac Vice*) | **JACKSON LEWIS P.C.** |
| Andrew W. Dunlap (*Pro Hac Vice*) | 2800 Quarry Lake Drive, Suite 200 |
| William M. Hogg (*Pro Hac Vice*) | Baltimore, Maryland 21209 |
| **JOSEPHSON DUNLAP LLP** | Tel: (410) 415-2025 |
| 11 Greenway Plaza, Suite 3050 | Fax: (410) 415-2001 |
| Houston, Texas 77046 | jed.charner@jacksonlewis.com |
| 713-352-1100 – Telephone | |
| 713-352-3300 – Facsimile | Eric R. Magnus (*Pro Hac Vice*) |
| tjones@mybackwages.com | **JACKSON LEWIS P.C.** |
| mjosephson@mybackwages.com | 171 Seventeenth Street, NW, Suite 1200 |
| adunlap@mybackwages.com | Atlanta, Georgia 30363 |
| whogg@mybackwages.com | Tel: (404) 586-1820 |
| | Fax: (404) 525-1173 |
| *Counsel for Plaintiffs* | eric.magnus@jacksonlewis.com |
| | |
| | *Attorneys for Meridian Senior Living, LLC* |

\*    The filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

### CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2025 a true and correct copy of the foregoing will be served on all counsel of record via the Court's CM/ECF filing system.

/s/ William M. Hogg
William M. Hogg